**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OCCUPY TUCSON, an unincorporated political organization; SAMUEL AGGER, a single man residing in the City of Tucson; CRAIG BARBER, a single man residing in the City of Tucson; LEESA WORLEY, a single woman residing in the City of Tucson; KARLAREITH TERRY, a single woman residing in the City of Tucson; KASEE DWYER, a single woman residing in the City of Tucson; GARY BRANSON, a married man residing in the City of Tucson; and, WILLIAM WARFIELD, a single man residing in the City of Tucson, | No. CV-11-699-TUC-CKJ |
| Plaintiffs, | **ORDER** |
| vs. | |
| THE CITY OF TUCSON, a municipal corporation of the State of Arizona; TUCSON POLICE DEPARTMENT, a legal entity of the City of Tucson; ROBERT "BOB" WALKUP, in his official capacity as Mayor of the City of Tucson; members of the Tucson City Council in their respective official capacities; RICHARD MIRANDA, in his official capacity as Acting Tucson City Manager; MICHAEL RANKIN, in his official capacity as Tucson City Attorney; FRED GREY in his official capacity as director of City of Tucson Parks and Recreation Department; and ROBERTO VILLASEÑOR, in his official capacity as Chief of the T, | |
| Defendants. | |

1    Currently pending before the Court is Plaintiffs' Motion for Temporary Restraining

2  Order and Preliminary Injunction [Doc. 2].  In their motion Plaintiffs request the Court to

3  enjoin "enforcing the provisions of Section 12 of the Tucson City Code, and/or law or

4  ordinance to prohibit the same from picketing, protesting, speaking, leafleting, assembling,

5  or otherwise peacefully engaging in expressive activity protected by the First Amendment

6  to the United States Constitution and Article 2 § 5 of the Arizona Constitution in Armory

7  Park, Viente de Agosto Park or any public land in the City of Tucson."[1]  Pls.' Mot. for TRO

8  and Prelim. Inj. [Doc. 2] at 2.

9  **I.    ANALYSIS**

10    Whether to grant or deny a motion for a temporary restraining order is within the

11  Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir.

12  1979).  "The standard for issuing a temporary restraining order is identical to the standard

13  for issuing a preliminary injunction."   *Whitman v. Hawaiian Tug & Barge*

14  *Corporation/Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw.

15  1998); *See New Motor Vehicle Bd. v. Orrin W. Fox. Co.*, 434 U.S. 1345, 1347 n. 2, 98 S.Ct.

16  359, 361, 54 L.Ed.2d 439 (1977); *Los Angeles Unified Sch. Dist. v. U.S. Dist. Court*, 650

17  F.2d 1004, 1008 (9th Cir. 1982).  A preliminary injunction is an extraordinary and drastic

18  remedy and will not be granted absent a clear showing of likely success in the underlying

19  claim and likely irreparable injury.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct.

20  1865, 1867, 138 L.Ed.2d 162 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418 F.3d 989,

21  993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); Fed. R. Civ. P.

22  65.  To obtain a preliminary injunction, the moving party must show "that he is likely to

23  succeed on the merits, that he is likely to suffer irreparable harm in the absence of

24  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

25  the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129

26

27      [1]Although Plaintiffs' motion cites Tucson City Code Section 12, this chapter relates to
28  Elections.  The Court construes this request as relating to Chapter 21, Parks and Recreation.

S. Ct. 365, 374, 172 L.Ed.2d 249 (2008); *Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002) (recognizing that a party can establish irreparable harm by demonstrating the existence of a colorable First Amendment claim). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). "[T]he test for granting a preliminary injunction is 'a continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." *Sammartano*, 303 F.3d at 973-4.

Additionally, the function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party."). The Ninth Circuit Court of Appeals has held that this type of mandatory injunctive relief is disfavored, and should be denied unless the facts and law clearly favor the movant. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). There is also heightened scrutiny where the injunction would provide substantially all the relief the movant may recover after a full trial on the merits. *Kikumura v. Hurley*, 242 F.3d 950, 955 (9th Cir. 2001).

### A.  Temporary Restraining Order

A Temporary Restraining Order ("TRO") is unwarranted in this case. Although the record reflects that Plaintiffs' counsel spoke with Defendant Michael Rankin about the plan to file the Complaint [Doc. 1] in this matter, it is devoid of any reasons why Defendants should not be given notice and an opportunity to respond to the allegations at issue. *See* Compl., Exh. 2, Decl. of Attorney Paul Gattone in Support of Pls.' Mot. for TRO/Prelim. Inj. [Doc. 1]; Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss,

or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."). Plaintiffs activities began October 15, 2011. Compl. [Doc. 1] at ¶ 26. On November 3, 2011, Plaintiffs were directed to leave Armory Park, and re-established their activities at Viente De Agosto Park. *Id.* at ¶ 27. Tucson Police Department ("TPD") officers have cited protesters for violations of the Tucson City Code since Plaintiffs' occupation commenced. *Id.* at ¶ 26. The ongoing activities of Plaintiffs and TPD's response has remained unchanged. Plaintiffs filings with this Court fail to demonstrate a clear showing of likely success on the merits and likely irreparable injury. *See Winter*, 555 U.S. at 20, 129 S. Ct. at 374*; Mazurek*, 520 U.S. at 972, 117 S.Ct. at 1867; *Am. Trucking Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Warsoldier*, 418 F.3d at 993-94; *Pratt*, 65 F.3d at 805 (9th Cir. 1995); Fed. R. Civ. P. 65. Plaintiffs' counsel failed to certify in his affidavit why notice should not be given to Defendants or why it should not be required. Accordingly, Plaintiffs' request for a TRO is DENIED.

### B. Preliminary Injunction

Counsel has failed to meet the necessary procedural requirements for a preliminary injunction. Preliminary injunctive relief can not be granted unless and until Plaintiffs properly serve Defendants with the documents that have initiated this case, and Defendants have had an opportunity to respond. As such, Plaintiffs' request for a preliminary injunction is DENIED without prejudice.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2] is DENIED.

DATED this 8th day of November, 2011.

Cindy K. Jorgenson
United States District Judge

- 4 -